UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD HONE,

            Plaintiff,

      v.

LAURA SHROBA *et al.*,

            Defendant.

Civil Action No. 21-11356 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the Application to Proceed *In Forma Pauperis* ("IFP Application") filed by pro se Plaintiff Richard Hone ("Plaintiff"). (ECF No. 7.) For the reasons stated herein, the Court grants Plaintiff's IFP Application, but dismisses Plaintiff's Complaint. (ECF No. 1.)

**I.    BACKGROUND**

    On May 17, 2021, Plaintiff filed this Complaint against Laura Shroba ("Defendant") and unnamed individuals. (Compl., ECF No. 1.) Defendant is the assigned guardian ad litem for Plaintiff's child custody case. (Compl. *5.)[1] Plaintiff alleges that Defendant defamed and lied about him during legal proceedings for custody of his daughter. (*Id.* at *6.) He alleges that this violated both his civil rights and NJSA 9:2-4 regarding child custody. (*Id.*) As support for his allegations, Plaintiff claims Defendant lied by intentionally making errors on his daughter's school and medical records. (*Id.* at *5.)

---

[1] Pages marked with an asterisk represent page numbers as they appear on the ECF filings.

1

Defendant answered and denied the allegations. (Answer ¶¶ 1-10, ECF No. 2.) Shortly later, Defendant requested, and the Court granted Defendant's request to withdraw the Answer because the Complaint had not yet been filed in the matter. (ECF No. 4.)

**II.     LEGAL STANDARD**

Plaintiffs may proceed *in forma pauperis* under 28 U.S.C. § 1915(a) by submitting an affidavit that states (1) all their income and assets, (2) whether they are able to pay filing fees, (3) the nature of their action, and (4) the basis for their redress. *See* 28 U.S.C. § 1915(a)(1). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A complaint "is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

#### A. The Court Grants Plaintiff's IFP Application.

Plaintiff's IFP Application satisfies § 1915(a). Plaintiff's IFP Application states that he is disabled and brings in $180 a month in benefits. (IFP Appl., ECF No. 7.) The IFP Application also provides that Plaintiff's monthly expenses are $215. (*Id.*) Further, Plaintiff's IFP Application asserts that Plaintiff cannot pay the filing fee and includes the requisite information such as the nature of the action and reasons why Plaintiff is entitled to redress. The Court, therefore, grants Plaintiff's IFP Application.

#### B. Plaintiff's Complaint Seeks Relief from an Immune Defendant.

A plaintiff can make a claim under § 1983 by showing that (1) the conduct complained of was committed by a state actor and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or other laws of the United States. *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Plaintiff's claim fails on the first element because under § 1983, guardians ad litem are entitled to judicial immunity when acting in their court-appointed role. *Rieco v. Hebe*, 633 F. App'x 567, 569 (3d Cir. 2015) ("A guardian ad litem is absolutely immune from § 1983 liability when acting as 'an integral part[] of the judicial process.'" (alteration in original) (quoting *Gardner by Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989))). Conversely, when acting outside of the judicial process, a guardian ad litem is not a state actor. *Goodson v. Magii*, 797 F. Supp. 2d 624, 637-38 (W.D. Pa. 2011).

Plaintiff's allegations refer solely to Defendant's conduct while acting in her official capacity, falling into the former category. Plaintiff alleges that his damages arose out of both her submissions to the court and her testimony during the proceedings. (Compl. *5-6.) Judicial immunity, however, grants absolute immunity from suit within the performance of one's duties.

3

*Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). The Supreme Court has identified two narrow exceptions to this rule that are not applicable here.[2] Plaintiff alleges that Defendant made reports to the state court with documents that contain errors and "lie[d]" about Plaintiff's mental health. Even if these acts were malicious, Plaintiff has not alleged any facts that would divest Defendant of judicial immunity. Because Plaintiff does not allege that Defendant acted outside of the bounds of her role as guardian ad litem or completely without jurisdiction, his claim fails. Thus, this Court finds that based on the facts alleged, she is immune from suit.

### C. Plaintiff's Complaint Fails to State a Claim.

Plaintiff's Complaint fails for a separate reason—it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The Court accepts as true all of Plaintiff's well-pleaded factual allegations, *Fowler*, 578 F.3d at 210, but finds that the Complaint must be dismissed with prejudice, in its entirety, for failure to state a claim. In the present matter, Plaintiff's facts are baseless. He vaguely says that Defendant submitted a report "full of lies" but does not say what lies she made, nor how he knows the statements were false. (Pl. Certification ¶ 6, ECF No. 1.) He points to typographical errors in the spelling of his daughter's name, but this falls short of alleging willful misconduct. (*Id.* ¶ 4.) Thus, this aspect of the claim fails to show how Defendant violated Plaintiff's civil rights.

Plaintiff also alleges that Defendant lied about his mental health. Construing the Complaint in the light most favorable to Plaintiff, the Court will interpret that Plaintiff attempts to assert a claim for defamation. Plaintiff, however, does not plausibly plead a defamation claim under New

---

[2] Judicial immunity does not extend to non-judicial actions—i.e., actions not taken in a judicial capacity—nor does judicial immunity extend to actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

Jersey law. "A prima facie case of defamation requires a plaintiff to establish the following: In addition to damages, the elements of a defamation claim are: (1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *Somerset Dev., LLC v. Cleaner Lakewood*, No. A-2819-10T3, 2012 WL 4370271, at *3 (N.J. Super. Ct. App. Div. Sept. 26, 2012) (citing *DeAngelis v. Hill*, 180 N.J. 1, 12-13 (2004)) (internal quotations omitted). Plaintiff does not allege any facts about what comments Defendant made about his mental health and thus fails to state a claim in this respect. For similar reasons, Plaintiff's allegations concerning other false statements that are supported by neither fact nor explanation fail as a matter of law.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's IFP Application but dismisses Plaintiff's Complaint with prejudice. The Court will issue an appropriate order accompanying this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's claim that Defendant "used her position to air her well documented grievances about [Plaintiff]" contains no factual details nor an explanation of what grievances were aired. (Compl. ¶ 8.) This conclusory statement is insufficient as a matter of law to state a claim. *Ashcroft*, 556 U.S. at 678.